UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL EASTMAN and MICHAEL EASTMAN IMAGES, INC., | ) ) ) |
| Plaintiffs, | ) ) Civil Action No. 4:11-cv-01296 |
| v. | ) ) Judge Henry E. Autrey ) |
| NBCUNIVERSAL MEDIA, LLC; BRAVO MEDIA LLC, GOODBYE PICTURES, INC., WARNER BROS. ENTERTAINMENT INC., and MARTYN LAWRENCE BULLARD, | ) JURY TRIAL DEMANDED ) ) ) ) ) |
| Defendants. | |

**MARTYN LAWRENCE-BULLARD'S**
**ANSWER TO COMPLAINT**

Defendant Martyn Lawrence-Bullard ("Answering Defendant") answers the Complaint filed by Plaintiffs Michael Eastman and Michael Eastman Images, Inc. as follows:

**Introduction**

1. Answering Defendant denies that Defendants infringed any work of art created by Plaintiffs or either of them (collectively, "Plaintiffs"). Answering Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis denies each and every such allegation.

2. Answering Defendant denies that Defendants infringed *Isabella's Two Chairs 1999* or any other work by Plaintiffs. Answering Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis denies each and every such allegation.

**Jurisdiction And Venue**

3. Answering Defendant admits that the Complaint alleges causes of action that purport to arise under the Copyright Laws of the United States. Answering Defendant admits

upon information and belief that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Answering Defendant admits that Plaintiffs purport to allege related common law claims under 28 U.S.C. §§ 1332 and 1367.

5. Answering Defendant admits that Plaintiffs purport to allege proper venue in this District under 28 U.S.C. §§ 1391(b) and 1400(a).

## Michael Eastman And His Art

6. Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every such allegation.

7. Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every such allegation.

8. Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every such allegation.

9. Answering Defendant admits that Plaintiffs purport to display a copy of *Isabella's Two Chairs 1999* below Paragraph 9 and in Exhibit 1 attached to the Complaint. Answering Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis denies each and every such allegation.

10. Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every such allegation.

11. Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every such allegation.

12. Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every such allegation.

13. Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every such allegation.

14. Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every such allegation.

15. Answering Defendant admits that a copy of a document entitled "Application" is attached to the Complaint as Exhibit 2. Answering Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis denies each and every such allegation.

### The Defendants

16. Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every such allegation.

17. Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every such allegation.

18. Answering Defendant admits that Defendant Martyn Lawrence-Bullard is a resident of Los Angeles and a citizen of California. Answering Defendant admits that the website martynlawrencebullard.com states that Defendant Martyn Lawrence-Bullard's "extraordinary attention to detail and commitment to quality has won him international clientele and acclaim." Answering Defendant admits that the website martynlawrencebullard.com states that Defendant Martyn Lawrence-Bullard's clientele include "Sir Elton John and David Furnish, Cher, Emmy winner, writer, producer Aaron Sorkin, Edward Norton, Christina Aguillera [sic], Mr. and Mrs. Vidal Sassoon, Kid Rock, Rebecca Romaijn." Answering Defendant admits that Defendant Martyn Lawrence-Bullard appears on the television series *Million Dollar Decorators* (the "Series") which was exhibited on the Bravo Network. Answering Defendant denies each and every remaining allegation in this paragraph.

19. Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every such allegation.

### BRAVO TV'S *Million Dollar Decorators* Series

20. Answering Defendant admits that Goodbye Pictures was involved in the production of the Series which was exhibited on the Bravo network. Answering Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis denies each and every such allegation.

31591578v4

21.     Answering Defendant admits that the website <http://www.bravotv.com/million-dollar-decorators/season-1/About> states that, "Millions of dollars and out-sized egos are constantly on the line as Bravo gives viewers an unprecedented look into the exclusive and affluent world of high-end interior designers in *Million Dollar Decorators*.  The network's latest docu-series follows five of the most sought-after interior decorators as they navigate the high-pressured design industry for their wealthy, famous, and extremely demanding clients."

22.     Answering Defendant admits that Defendant Martyn Lawrence-Bullard appears in the Series.  Answering Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis denies each and every such allegation.

### The Solicitation of Mr. Eastman

23.     Answering Defendant admits that he communicated with Eastman in writing regarding the Series and further asserts that the writing speaks for itself; except as so admitted, denied.

24.     Answering Defendant admits that he communicated with Eastman in writing regarding the Series and further asserts that the writing speaks for itself; except as so admitted, denied.

25.     Answering Defendant admits that he communicated with Eastman in writing regarding the Series and further asserts that the writing speaks for itself; except as so admitted, denied.

26.     Answering Defendant admits that he communicated with Eastman in writing regarding the Series and further asserts that the writing speaks for itself; except as so admitted, denied.

27.     Answering Defendant admits that he communicated with Eastman in writing regarding the Series and further asserts that the writing speaks for itself; except as so admitted, denied.

31591578v4

28. Answering Defendant admits that he and his assistant communicated with Eastman in writing regarding the Series and further asserts that the referenced writing speaks for itself; except as so admitted, denied.

29. Answering Defendant admits that Plaintiffs purport to display a copy of an image of Kid Rock's dining room below Paragraph 29 and in Exhibit 3 attached to the Complaint and that the image speaks for itself. Answering Defendant denies each and every remaining allegation set forth in this paragraph.

30. Answering Defendant admits that Eastman communicated with him in writing regarding the Series and further asserts that the writing speaks for itself. Answering Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis denies each and every such allegation.

31. Answering Defendant admits he communicated with Eastman in writing regarding the Series and further asserts that the writing speaks for itself.

32. Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every such allegation; and further asserts that the Clearance Agreement speaks for itself.

33. Answering Defendant denies each and every allegation in this paragraph.

**Defendants' Willful Infringement of Mr. Eastman's Copyright**

34. Answering Defendant admits that Daisy Fuentes appears in a segment of the Series. Answering Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis denies each and every such allegation.

35. Answering Defendant lacks sufficient information to admit or deny that on the next page of the Complaint and attached as Exhibit 4 is a screenshot from the Fuentes Segment and on that basis denies each and every such allegation; further asserts that the Fuentes Segment speaks for itself; and denies each and every remaining allegation set forth in this paragraph.

36. Answering Defendant asserts that the Fuentes Segment speaks for itself and otherwise denies each and every allegation set forth in this paragraph.

5

37. Answering Defendant asserts that the Fuentes Segment speaks for itself and otherwise denies each and every allegation set forth in this paragraph.

38. Answering Defendant denies any copyright infringement; denies each and every remaining allegation set forth in this paragraph; and further asserts that the Fuentes Segment speaks for itself.

39. Answering Defendant denies any copyright infringement; lacks sufficient information to admit or deny the allegations that what is shown below Paragraph 29 and attached to the Complaint as Exhibit 5 is a screenshot from the Fuentes Segment; denies each and every remaining allegation set forth in this paragraph; and further asserts that the Fuentes Segment speaks for itself.

40. Answering Defendant denies any copyright infringement; denies each and every remaining allegation set forth in this paragraph; and further asserts that the Fuentes Segment speaks for itself.

41. Answering Defendant denies any copyright infringement; denies each and every remaining allegation set forth in this paragraph; and further asserts that the Fuentes Segment speaks for itself.

42. Answering Defendant denies any copyright infringement.  Answering Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis denies each and every such allegation.

43. Answering Defendant denies any copyright infringement.  Answering Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis denies each and every such allegation.

44. Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every such allegation.

45. Answering Defendant denies any copyright infringement.  Answering Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis denies each and every such allegation.

31591578v4

### Count I — Copyright Infringement

46. Answering Defendant hereby incorporates by reference the answers set forth above to paragraphs 1 through 45, inclusive, as if fully set forth herein.

47. Answering Defendant denies each and every allegation set forth in Paragraph 47.

48. Answering Defendant denies each and every allegation set forth in Paragraph 48.

49. Answering Defendant denies each and every allegation set forth in Paragraph 49.

50. Answering Defendant denies each and every allegation set forth in Paragraph 50.

### Count II — Violation Of The Visual Artists Rights Act Of 1990

51. Answering Defendant hereby incorporates by reference the answers set forth above to paragraphs 1 through 50, inclusive, as if fully set forth herein.

52. Answering Defendant denies each and every allegation set forth in Paragraph 52.

53. Answering Defendant denies each and every allegation set forth in Paragraph 53.

54. Answering Defendant denies each and every allegation set forth in Paragraph 54.

### Count III — Common Law Fraud

55. Answering Defendant hereby incorporates by reference the answers set forth above to paragraphs 1 through 54, inclusive, as if fully set forth herein.

56. Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every such allegation.

57. Answering Defendant denies each and every allegation set forth in Paragraph 57.

58. Answering Defendant denies each and every allegation set forth in Paragraph 58.

59. Answering Defendant admits that he owned a limited edition of the Work and admits that he believed that using the Work would enhance Eastman's career. Answering Defendant denies each and every remaining allegation set forth in Paragraph 59.

60. Answering Defendant denies each and every allegation set forth in Paragraph 60.

61. Answering Defendant denies each and every allegation set forth in Paragraph 61.

62. Answering Defendant denies each and every allegation set forth in Paragraph 62.

63. Answering Defendant denies each and every allegation set forth in Paragraph 63.

64. Answering Defendant denies each and every allegation set forth in Paragraph 64.

65. Answering Defendant denies each and every allegation set forth in Paragraph 65.

66. Answering Defendant denies each and every allegation set forth in Paragraph 66 and further asserts that the Clearance Agreement speaks for itself.

67. Answering Defendant denies each and every allegation set forth in Paragraph 67 and further denies Plaintiffs suffered any damages in any amount.

### Count IV — Rescission

68. Answering Defendant hereby incorporates by reference the answers set forth above to paragraphs 1 through 67, inclusive, as if fully set forth herein.

69. Answering Defendant denies each and every allegation set forth in Paragraph 69.

70. Answering Defendant denies each and every allegation set forth in Paragraph 70.

71. Answering Defendant denies each and every allegation set forth in Paragraph 71.

72. Answering Defendant denies each and every allegation set forth in Paragraph 72 and further denies Plaintiffs suffered any damages in any amount.

### Count V — Alternative Claim For Breach Of Contract

73. Answering Defendant hereby incorporates by reference the answers set forth above to paragraphs 1 through 72, inclusive, as if fully set forth herein.

74. Answering Defendant denies each and every allegation set forth in Paragraph 74.

75. Answering Defendant denies each and every allegation set forth in Paragraph 75.

76. Answering Defendant denies each and every allegation set forth in Paragraph 76 and further denies Plaintiffs suffered any damages in any amount.

31591578v4

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

**(Failure to State a Claim)**

1.      As a first affirmative defense to the causes of action asserted against Answering Defendant in the Complaint, Answering Defendant alleges that the Complaint and each claim therein fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

**(Fair Use)**

2.      As a second affirmative defense, Answering Defendant affirmatively alleges that, if any elements of protectible expression contained in Plaintiffs' works were in any manner used or incorporated into the Series, such use constitutes a fair use, and Plaintiffs are precluded from obtaining any relief therefore.

### Third Affirmative Defense

**(No Statutory Damages)**

3.      As a third affirmative defense, Answering Defendant affirmatively alleges that Plaintiffs are precluded from recovering statutory damages or attorney's fees for copyright infringement by virtue of 17 U.S.C. § 412.

### Fourth Affirmative Defense

**(First Amendment)**

4.      As a fourth affirmative defense, Answering Defendant affirmatively alleges that Plaintiffs are barred from obtaining the relief they seek by the First Amendment to the Constitution of the United States of America.

31591578v4

**Fifth Affirmative Defense**

**(Waiver)**

5.     As a fifth affirmative defense, Answering Defendant affirmatively alleges that Plaintiffs are barred from obtaining any relief under their Complaint because they have knowingly and voluntarily waived the rights they now attempt to assert and/or any claims they may have had.

**Sixth Affirmative Defense**

**(Laches)**

6.     As a sixth affirmative defense, Answering Defendant affirmatively alleges that Plaintiffs, by their actions or inactions upon which the Answering Defendant reasonably relied to its detriment, are barred by the doctrine of laches from asserting any claims they may have had.

**Seventh Affirmative Defense**

**(Estoppel)**

7.     As a seventh affirmative defense, Answering Defendant affirmatively alleges that Plaintiffs' recovery is barred, in whole or in part, by the doctrine of estoppel.

**Eighth Affirmative Defense**

**(Express Agreement)**

8.     As an eighth affirmative defense, Answering Defendant affirmatively alleges that, if any elements of protectible expression contained in Plaintiffs' works were in any manner used or incorporated into the Series, such use was permitted pursuant to an express agreement or license between the parties.

**Ninth Affirmative Defense**

**(Waiver of Injunctive Relief)**

9.     As a ninth affirmative defense, Answering Defendant affirmatively alleges that Plaintiffs are barred from obtaining injunctive relief under their Complaint because they have

knowingly and voluntarily waived the right to injunctive relief pursuant to an express agreement between the parties.

## Additional Affirmative Defenses

10. Answering Defendant reserves the right to allege affirmative defenses and additional facts supporting its defenses after conducting further discovery, investigation, research and analysis.

## PRAYER FOR RELIEF

WHEREFORE, ANSWERING DEFENDANT prays for relief as follows:

1. That Plaintiffs take nothing by way of the Complaint;

2. That judgment be entered in favor of Answering Defendant and against Plaintiffs;

3. That Answering Defendant be awarded his costs of suit incurred herein and reasonable attorneys' fees; and

4. Any other relief the Court deems appropriate.

Dated:  August 29, 2011                     Respectfully submitted

/s/ Michael L. Nepple
Mark Sableman, #36276MO
Michael L. Nepple, #42082MO
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri  63101
Phone:  314-552-6000
Fax:     314-552-7000
msableman@thompsoncoburn.com

and

Joel R. Weiner (SBN 139446)
Gail Migdal Title (SBN 49023)
KATTEN MUCHIN ROSENMAN LLP
2021 Century Park East, Suite 2600
Los Angeles, California  90067
Phone:  310-788-4400
Fax:     310-788-4471
joel.weiner@kattenlaw.com
gail.title@kattenlaw.com

Attorneys for Defendants

11

31591578v4

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true copy of the foregoing was filed electronically with the Clerk of the Court to be served via operation of the Court's electronic filing system this 29th day of August, 2011, upon all counsel of record.

                                        /s/ Michael L. Nepple

31591578v4