# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL EASTMAN and MICHAEL EASTMAN IMAGES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> NBCUNIVERSAL MEDIA, LLC; BRAVO MEDIA LLC, GOODBYE PICTURES, INC., WARNER BROS. ENTERTAINMENT INC., and MARTYN LAWRENCE BULLARD, <br><br> Defendants. | Case No. 4:11-CV-1296 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction, [Doc. No. 2]. Defendants oppose the motion. For the reasons set forth below, the Motion is denied.

## Plaintiffs' Allegations

Plaintiffs brought this suit alleging that Plaintiff Michael Eastman owns the copyright in the photograph, "Isabella's Two Chairs 1999" (the "Work"), and Defendants violated Plaintiff's exclusive rights by reproducing the work; preparing a derivative work based on the Work; distributing a copy of the derivative work by sale or transfer of ownership; and displaying the derivative

work publicly. Plaintiffs seek an Order from this Court granting a preliminary injunction enjoining "Defendants, their agents, servants, employees, partners, licensees, divisions, affiliates, parent corporation(s), and all others in active concert or participation with any of them from copying, distributing, publicly displaying, or otherwise infringing Plaintiff's copyright in his Work (...), or making any use of the Infringing Copy (...), both in the Fuentes Segment of Episode 5 of the television show *Million Dollar Decorators*." Doc. #9.

## **Discussion**

In determining whether a preliminary injunction is warranted, the Court is guided by *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir.1981). "The primary function of a preliminary injunction is to preserve the status quo until, upon final hearing, a court may grant full, effective relief." *Kansas City Southern Trans. Co., Inc. v. Teamsters Local Union # 41*, 126 F.3d 1059, 1065 (8th Cir.1997) (internal quotation omitted). Injunctive relief is only appropriate where the party seeking the relief has no adequate remedy at law. The relevant factors to be considered by a district court are: "(1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on the other interested parties; and (4) whether the issuance of an injunction is in

the public interest." *Entergy, Arkansas, Inc. v. Nebraska*, 210 F.3d 887, 898 (8th Cir . 2000) (citing *Dataphase*, 640 F.2d at 114).

No one factor is dispositive of a request for injunction; the Court considers all of the factors and decides whether "on balance, they weigh towards granting the injunction." *Baker Elec. Co-Op, Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir.1994) (quoting *Calvin Klein Cosmetics Corp. v. Lenox Lab.*, 815F.2d 500, 503 (8th Cir.1987). However, no single factor is dispositive, but the movant must establish a threat of irreparable harm. *Dataphase*, 640 F.2d at 113. Without a finding of irreparable injury, a preliminary injunction should not be issued. *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.,* 871 F.2d 734, 738 (8th Cir.1989) (en banc). The burden of establishing that preliminary relief is warranted is on the party seeking the injunction. *Baker* Elec., 28 F.3d at 1472. In this case, the Court finds that the *Dataphase* factors have not been satisfied, and a preliminary injunction will not issue.

### *Probability of Success on the Merits*

The court must consider the "most significant" *Dataphase* factor: likelihood that the movant will prevail on the merits. *S & M Constructors, Inc. v. Foley Co.*, 959 F.2d 97, 98 (8th Cir.1992). At this stage in the proceeding, the court does not decide whether the movant will ultimately win, nor must the movant prove a

greater-than-fifty-percent likelihood of success. See *Glenwood Bridge, Inc. v. City of Minneapolis*, 940 F.2d 367, 371 (8th Cir.1991); *Dataphase*, 640 F.2d at 113. Defendants contend that because they had permission to use Plaintiff's copyrighted work, there is no issue of infringement. Defendants point to three different examples of how permission was granted: an email exchange, a phone conversation, and a written Clearance Agreement. With regard to the Clearance Agreement, there is no dispute that after designer Martyn Lawrence Bullard reached out to Plaintiff to discuss the potential use of the Work, the parties entered into a written agreement regarding the use of the Work on the *Million Dollar Decorator* series. The actual scope of the Clearance Agreement is now in dispute, however, and Plaintiffs fail to offer sufficient evidence that they will in fact succeed on the merits. At most, Plaintiffs show that there may be a genuine issue regarding the scope of the permission granted in the Clearance Agreement. That alone does not amount to enough evidence to convince the Court that Plaintiffs will likely succeed on the merits.

***Threat of Irreparable Harm***

Irreparable harm must be certain and imminent such that there is a clear and present need for equitable relief. *Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir.1996). Furthermore, the remedy at law must be inadequate. *Gen. Motors*

4

*Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir.2009). An irreparable injury is an injury "of such a nature that money damages alone do not provide adequate relief." *Hinz v. Neuroscience, Inc.*, 538 F.3d 979, 986 (8th Cir.2008). "[T]he absence of a finding of irreparable injury is alone sufficient ground for [denying a] preliminary injunction." *Guy Carpenter & Co. v. John B. Collins Associates, Inc.*, 179 F.App'x 982, 983 (8th Cir.2006) (quoting *Dataphase*, 640 F.2d at 114 n. 9) see also, *General Motors Corp.*, 563F.3d at 320. Plaintiffs claim a number of reasons why there is a threat of irreparable harm to him. These reasons fail, however, to rise to the level of irreparable harm.

Plaintffs claim that Eastman has lost control of his art and his reputation; however, they fail to support this contention with sufficient evidence. In fact, on September 8m 2011, counsel for both parties met before the Court for a preliminary injunction hearing. Plaintiff Eastman was unable to attend this hearing because he was at the Oklahoma City Museum of Art participating in the opening of "a major exhibition of his photographic art entitled FADED ELEGANCE: PHOTOGRAPHS OF HAVANA BY MICHAEL EASTMAN." Doc. #34. The actual photo that is subject to this current suit is prominently featured in this opening. In light of this, it would appear that the appearance of The Work in the Bravo series hardly crippled the control of his art and reputation. Further, assuming Plaintiffs did show

5

harm, they failed to show how that harm is not compensable in money damages. It appears to the Court that Plaintiffs' contention that they are being irreparably harmed is different than the irreparable harm as defined by modern case law. As such, Plaintiffs fail to establish irreparable harm.

***Balance of Harms***

Under the third *Dataphase* factor, the Court considers whether any irreparable harm to the movant outweighs any potential harm to the nonmovants should the injunction issue. See *Dataphase*, 640 F.2d at 114. It appears to the Court that, in balancing the competing claims of injury, Defendants would actually shoulder more harm than Plaintiffs if the Court were to issue the injunction. Here, multiple parties, the defendants, would be required to go through various editing and post-production procedures to eliminate the television footage featuring The Work. In light of the fact that the episode in question is no longer airing, and the episode is not currently scheduled to air again on the Bravo network, Plaintiffs' alleged harm has already taken place. Any additional alleged harm suffered by Plaintiffs is *de minimus*.

***Public Interest***

It is certainly in the public's interest not to interfere with freedom of contract. Although the Court recognizes that there may be a genuine issue as to the scope of the permission granted in the Clearance Agreement, this issue is not appropriate for preliminary injunctive relief.

## Conclusion

All four factors weigh against Plaintiffs. In the final analysis, Plaintiffs seek an equitable remedy without supporting demonstrable evidence that they are entitled to this extraordinary remedy.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Preliminary Injunction [Doc. #9], is **DENIED**.

Dated this 22nd day of September, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE